UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARK A. ROBERTS, ET AL           CIVIL ACTION NO. 08-cv-0133

VERSUS                           JUDGE HICKS

JOHN W. NEWMAN, ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Plaintiffs Mark Roberts and Roberts Oil & Land Company filed this civil action against three business associates based on allegations the associates committed various acts of fraud and other misdeeds intended to deprive Plaintiffs of their interests in three companies that are engaged in the oil and gas business. Plaintiffs filed a Motion to Amend Complaint (Doc. 32) that proposed to add an ERISA claim. Defendants opposed on the grounds that the amendment would be futile. Plaintiffs then filed a Motion for Leave to File Revised First Amended Complaint (Doc. 45) that is now before the court.

Plaintiffs state in their second motion that they ask the court to consider it in place of their original motion for leave. Accordingly, the first **Motion for Leave to Amend Complaint (Doc. 32)** is hereby **denied as moot**. Plaintiffs propose to allege in the Revised First Amended Complaint that the three individual defendants attempted to obtain the Plaintiffs' interest in the oil and gas entities by forging documents and engaging in other acts of fraud, as well as attempting to intimidate and coerce Mr. Roberts into transferring his interests to Defendants. Mr. Roberts alleged that he refused to transfer his interests, and

Defendants responded by preventing his participation in the management of the entities at issue. Mr. Roberts allegedly served as president of one entity, Mohican, and Defendants are alleged to have conspired to cause Mohican to stop paying Mr. Roberts his monthly salary. First Revised Amended Complaint, ¶¶ 26-28.

A few months after the salary was stopped, Mr. Roberts alleges, the three defendants caused Mr. Roberts to be removed as president/manager of Mohican and from his role as manager of another entity. Defendants also allegedly "caused the employer-paid health care coverage and related benefits being provided to Roberts and his immediate family to be cut off, subject only to the right to temporarily continue such coverage on a self-paid basis." ¶ 28. Roberts alleges that he was not provided notice of the termination until about three weeks later when he received a letter. Id. Roberts alleges that Defendants, "acting as the representatives and agents of Mohican or in connection with exercising discretionary authority and control over Mohican's group health plan, rendered Roberts and his plan-covered dependants ineligible for continuing health care coverage either by causing his employment to be terminated or substantially reducing his employment-related duties and responsibilities following his removal as president and manager of the Mohican Entities." Plaintiffs add that Defendants, "acting as plan fiduciaries, interfered with the ability of Roberts and his plan-covered dependants to preserve his health care plan eligibility and are keeping him from being able to protect his interest in his healthcare benefits." ¶ 38. Defendants' actions are alleged to have violated 29 U.S.C. § 1140 and § 1104(a). ¶ 39.

The court "should freely give leave [to amend a complaint] when justice so requires." F.R.C.P. 15(a). The Fifth Circuit interprets Rule 15 as having a heavy bias in favor of granting leave. "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999). Defendants do not object based on timeliness or other procedural aspect of the motion for leave that was filed relatively early in this case. Rather, they urge that the proposed ERISA claim is futile. A district court has within its discretion the authority to deny leave to amend to add a claim that is frivolous or futile. Martin's, 195 F.3d at 771. To be considered futile, the proposed claim must fail to state a claim upon which relief could be granted, and the same standards of legal sufficiency used under Rule 12(b)(6) may be applied. Stripling v. Jordan Production Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

Defendants argue that the decision to terminate Mr. Roberts' employment with Mohican was a corporate decision that was not in the nature of an ERISA fiduciary decision. They urge that simply because the corporate decision to terminate Roberts had the consequential effect of rendering him ineligible for benefits under the group plan does not give rise to a valid claim under ERISA. Defendants' arguments are not capable of adequate resolution on the mere face of the pleadings. The basic facts that Plaintiffs set forth in accordance with F.R.C.P. 8(a)'s short and plain statement give notice of their intent to press an ERISA claim, but that outline of basic facts is not adequate to permit full examination of

the "nature" of the termination decision and surrounding facts and render a final decision on such an important issue as termination of a family's healthcare insurance. The court finds that the best exercise of its discretion in these circumstances is to permit the amendment to be filed. The parties can then develop the surrounding facts and, if Defendants wish to do so, they may later press their defenses through a motion for summary judgment or other substantive means. Accordingly, the **Motion For Leave to File Revised First Amended Complaint (Doc. 45)** is **granted**. The clerk is directed to file the Revised First Amended Complaint.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of September, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE